Leonard P. HARMAN, D.O.

v.

Louis SULLIVAN, in his official capacity as Secretary of United States Department of Health and Human Services.

Civ. A. No. 89–6089.

United States District Court, E.D. Pennsylvania.

Sept. 14, 1989.

Roger F. Cox, Philadelphia, Pa., for plaintiff.

Catherine Votaw, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff is an osteopathic physician practicing in Philadelphia. He provided medical services and billed under both state Medicaid and federal Medicare programs until October 20, 1988 when he was precluded by the Pennsylvania Department of Public Welfare (DPW) from participating in the Medicaid program for a period of four years, based on DPW's findings that he had violated several Medicaid requirements. By letter dated July 27, 1989, the federal Department of Health and Human Services (HHS), Office of Inspector General, notified plaintiff of its determination to exclude him from the Medicare program for a period of four years, based on the state Medicaid exclusion, pursuant to 42 U.S.C. § 1320a–7(b)(5)(B). In this action, plaintiff seeks to vacate the HHS determination and enjoin the agency from taking any further action based on the Medicaid exclusion. It is plaintiff's position that in excluding him from the Medicare program, HHS retroactively applied section 1320a–7(b)(5)(B), thereby contravening the terms of the statute and denying him due process. For the following reasons, I will grant judgment in defendant's favor.[1]

On August 18, 1987, Congress enacted the Medicare and Medicaid Patient and Program Protection Act of 1987, Pub.L. No. 100–93, 101 Stat. 680. This legislation, in part, amended 42 U.S.C. § 1320a–7 by broadening the grounds for which a health care provider may be excluded from Medicare. Insofar as relevant here, the amended statute provides that the Secretary of HHS "may exclude * * * [a]ny individual or entity which has been excluded from participation, or otherwise sanctioned under * * * a State health care program for reasons bearing on the individual's or entity's professional competence, professional performance, or financial integrity." 42 U.S.C. § 1320a–7(b)(5)(B). Section 15 of Public Law No. 100–93, however, provides that the statutory amendments of the 1987 Act "shall become effective at the end of the fourteen-day period beginning on the date of enactment of this Act and *shall not apply to administrative proceedings commenced before the end of such period.*" The parties agree that under this statutory scheme the Secretary had authority to exclude plaintiff from the Medicare program on the basis of his exclusion from Medicaid only if the administrative proceeding against plaintiff was commenced on or after September 1, 1987.

Plaintiff argues that because the Medicare exclusion was predicated solely on the Medicaid exclusion, the Medicare and Medicaid proceedings should be viewed as one continuous administrative proceeding. Plaintiff maintains that the Medicaid exclusion proceeding commenced no later than August 4, 1987 when the DPW Bureau of Utilization visited his office to inspect and copy his medical records and to interview him concerning his participation in the Medicaid program. Thus, according to plaintiff, the administrative proceeding was commenced well before the effective date of the statutory amendment which provided the basis for his exclusion from Medicare and his exclusion was based on an impermissible retroactive application of the statute. Although plaintiff's argument is not implausible, I am not persuaded.

Exclusion from the Medicaid program in Pennsylvania is determined in an administrative process initiated by the state DPW and governed by state law. *See* 55 Pa. Code § 1101.77. The administrative pro-

---

1. This matter came before the court on plaintiff's motion for a preliminary injunction, following Judge Hutton's denial of plaintiff's request for a temporary restraining order on August 21, 1989. At the preliminary hearing held on September 6, 1989, the parties agreed no factual issues existed that would require additional hearings. Therefore, in accordance with Rule 65(a)(2) of the Federal Rules of Civil Procedure, I have consolidated trial of the action on the merits with the hearing on preliminary injunction and will treat the preliminary hearing as a final hearing. *Pennsylvania v. Brown,* 260 F.Supp. 358, 360 (E.D.Pa.1966), *rev'd on other grounds* 373 F.2d 771 (3d Cir 1967).

cess includes an appeal of the initial determination within the DPW, *id.* § 1101.84(a), and, upon completion, leads to state court review. *See* 42 Pa.Cons.Stat.Ann. §§ 763, 5105(a)(2). By contrast, a Medicare exclusion proceeding is initiated by the federal government, acting through HHS's Office of Inspector General, pursuant to federal law. *See* 42 C.F.R. parts 498, 1000. The administrative process includes a hearing before an administrative law judge and appeal to the Appeals Council and, upon completion, leads to review in federal court. *See id.* §§ 498.3, 498.5; 42 U.S.C. § 405(g). Moreover, a state determination to exclude a health care provider from its Medicaid program has no effect on the provider's status in the Medicare program unless the HHS Secretary chooses to initiate federal administrative proceedings under the Medicare exclusion statute. *See* 42 U.S.C. § 1320a–7(b)(5)(B) ("The Secretary *may* exclude * * * [a]ny individual or entity which has been * * * excluded from participation * * * under a State health care program for reasons bearing on the individual's or entity's professional competence, professional performance or financial integrity.") (emphasis added); *see also* Deposition of John F. Ferrara, Director of Provider Assessment in Bureau of Quality Assurance, Pennsylvania DPW, at 42–43 (characterizing state Medicaid review process as "independent" of federal Medicare review process). In short, the statutory bases for the Medicaid and Medicare exclusion proceedings, the governmental entities involved, and the proceedings themselves are separate and distinct and cannot be considered a single proceeding.

Having so concluded, I return to the central issue in the case: was the statutory provision on which HHS relied in excluding plaintiff from the Medicare program, 42 U.S.C. § 1320a–7(b)(5)(B), applied retroactively to plaintiff in violation of Public Law No. 100–93 and plaintiff's due process rights? Section 15 of Public Law No. 100–93 states only in general terms that the statutory amendments enacted by the

Medicare and Medicaid Patient and Program Protection Act of 1987, including section 1320a–7(b)(5)(B), "shall not apply to administrative proceedings commenced before [September 1, 1987]". Within the context of the statute governing Medicare exclusion proceedings, 42 U.S.C. § 1320a–7, I construe "administrative proceedings" to mean Medicare administrative proceedings.[2] The Medicare exclusion proceeding against plaintiff was commenced on the basis of his exclusion from Pennsylvania's Medicaid program. As previously discussed, however, the Medicare proceeding must be considered separate and distinct from the Medicaid exclusion proceeding. The Medicaid proceeding against plaintiff was not completed, and plaintiff was not excluded, until a final order of exclusion was issued on October 20, 1988. Thus, the Medicare administrative proceeding against plaintiff was commenced sometime after October 20, 1988, more than one year after the effective date of 42 U.S.C. § 1320a–7(b)(5)(B), and HHS's use of the statute to exclude plaintiff did not constitute an impermissible retroactive application of the statute. Accordingly, judgment will be entered in defendant's favor.

---

**2.** The legislative history of section 15 sheds little light on how Congress intended the phrase "administrative proceedings" to be construed. *See,*

*e.g.,* S.Rep. No. 109, 100th Cong., 1st Sess. 27, *reprinted in* 1987 U.S.Code Cong. & Admin. News 682, 708.